IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SHAKEEM HERATIO CRAWFORD,**

Petitioner,

v.

**CIVIL ACTION NO. 3:19-CV-13**
**CRIMINAL ACTION NO. 3:06-CR-69**
**(BAILEY)**

**UNITED STATES OF AMERICA,**

Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Civil Action No. 3:19-CV-13, Doc. 3; Criminal Action No. 3:06-CR-69, Doc. 360]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 11, 2019, wherein he recommends this Court deny and dismiss the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:19-CV-13, Doc. 1; Criminal Action No. 3:06-CR-69, Doc. 352] as an unauthorized second or successive motion.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

1

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on February 19, 2019 [Civil Action No. 3:19-CV-13, Doc. 4; Criminal Action No. 3:06-CR-69, Doc. 362]. Petitioner timely filed his Objections on February 25, 2019 [Criminal Action No. 3:06-CR-69, Doc. 363]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Petitioner's Objections do not address Magistrate Judge Mazzone's finding that petitioner's § 2255 motion should be dismissed as a second or successive motion without authorization from the Fourth Circuit to file a successive § 2255 motion. Instead, petitioner merely restates and expands on the arguments raised in his current § 2255 motion. Accordingly, as petitioner makes no specific objections to anything contained in the R&R, petitioner's Objections **[Criminal Action No. 3:06-CR-69, Doc. 363] are OVERRULED**.

Upon review of the R&R for clear error, it is the opinion of this Court that the R&R should be adopted. The Fourth Circuit denied petitioner's motion for authorization to file a second or successive § 2255 on February 5, 2019 [Criminal Action No. 3:06-CR-69, Doc. 355]. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition.

Thus, it is the opinion of this Court that Magistrate Judge Mazzone's Report and Recommendation **[Civil Action No. 3:19-CV-13, Doc. 3; Criminal Action No. 3:06-CR-69, Doc. 360]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. As such, the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civil Action No. 3:19-CV-13, Doc. 1; Criminal Action No. 3:06-CR-69, Doc. 352]** is hereby **DENIED** and **DISMISSED** as an unauthorized second or successive motion. This Court further **ORDERS** that the petitioner's civil action be **STRICKEN** from the active docket of this Court and **DIRECTS** the Clerk to enter judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: February 26, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE